LOTTINGER, Judge.
This is a tort action instituted by Lawrence Drawsan against James Swearengin and his employer, Charles I. Stafford, for *625 damages sustained as the result of an automobile accident which occurred on September 22, 1950, between the hours of 7:30 and 8:00 P. M. The accident took place on Louisiana Highway No. 27, which runs between Beggs and LeBeau, Louisiana, when a 1950 model White truck and semitrailer owned by Stafford and operated by Swearengin ran into plaintiff’s 1942 model Mercury automobile.
The plaintiff alleged in his petition that he had parked his automobile unoccupied on the south side and completely off of the blacktop portion of the road, facing in an easterly direction about 100 feet west of the bridge which crosses Cow Bayou (or Bayou Waxia). It was further alleged that at that time the White truck, which was traveling in an. easterly direction, when about 100 yards west of plaintiff’s car, began to leave the highway and that when it reached the point where plaintiff’s car was parked it was off the traveled portion of the highway and on the shoulder and crashed into the rear and left side of the automobile knocking it off the shoulder and into the ditch and against the opposite ditch embankment. It was alleged further that Swearengin was acting within the course and scope of his employment at the time and that the accident was caused by his negligence in driving off of the road and into the automobile. Damages were claimed in the total amount of $426.56, of which amount $347.59 was for damages to the automobile, $19 for wrecker service, $40 for depreciation to the car and $20 for loss of use of the vehicle.
The defendants admitted in their answer the occurrence of the accident at the time and place alleged but denied any negligence on the part of Swearengin. They alleged that the latter was driving in an easterly direction at a speed of 35 miles per hour and that at the time plaintiff’s car was parked unattended partially on the paved portion of the highway with no lights or flares burning. It was further set forth that as Swearengin approached plaintiff’s automobile he was unable to see same due to the absence of lights and flares on or around same and due also to the glaring effect of the lights of an oncoming truck, with the result that when he was able to see plaintiff’s car, he was then too close to stop and had no alternative but to strike it. The defendants pleaded under the above allegations that the sole and proximate cause of the accident was the gross negligence of the plaintiff in leaving his car unattended partially on the highway without lights, ' flares or other warning devices. In the alternative contributory negligence was pleaded as a bar to recovery by the plaintiff.
After trial on the merits judgment was rendered in favor of the plaintiff and against both defendants, in solido, for the sum of $347.59. The case is now before this court on suspensive appeal taken by the defendants. The plaintiff, in his brief, has asked that the judgment be amended so as to allow him the additional sum of $19, representing the cost incurred in having his car towed to town by a wrecker.
After the record in the matter was filed in this court, counsel for plaintiff filed a motion to dismiss the appeal on the ground that the record did not include a written judgment signed by the District Judge, but only the latter’s written reasons for judgment which could not form the basis for an appeal. This was met by a motion of defendants’ counsel stating that the Clerk of the District Court had inadvertently failed to include the judgment, which had been rendered and signed on September 28, 1951, as well as an extract of the minutes of court for the same day, and prayed that same be ordered filed or, in the alternative, that the case be remanded for completion of the record.' Attached to this motion we find the original judgment rendered and signed in open court on September 28, 1951, and for that reason, rather than go through the useless procedure of remanding the case, we will consider the record as complete.
The case, as we see it, involves merely a question of fact, i. e., was the plaintiff’s car parked entirely off the paved or blacktop portion of the highway. The trial judge, though he did not so state in so many words, evidently found that the car *626 was entirely off of the blacktop portion as he rendered judgment in favor of the plaintiff.
According to the testimony of the plaintiff, he, together with other members of his family, had gone to visit one Willie Valin and his family who lived on the north side of the road. Plaintiff, who had come from the east, passed the Valin home, turned around farther down the road and came back and parked on the south shoulder approximately opposite the Valin home. According to the plaintiff, the car was parked about 2 feet south of the paved portion of the road. One Sherman Draw-san, who had been in the automobile also, testified that the -car was parked about 2 feet from the blacktop.
After having parked his car the plaintiff and the passengers alighted and went to the Valin home to visit. The accident occurred some time later when they were leaving the home and while walking toward the car. At that time it was -dark and, according to the plaintiff, he heard but did not see the collision. At this time, he, Sherman Draw-san and Willie Valin were walking together. They first heard the truck hit the mailbox of Willie Valin’s and then heard the truck hit the parked car.
Valin’s mailbox, according to his testimony was situated about 4 feet from the paved portion of the highway and plaintiff’s car was parked about 45 feet east. There seems to -be no doubt but that the truck did strike the box, knocking it from its post but leaving the latter standing. The plaintiff testified that his -car was parked some 100 feet from the -mailbox. Be this as it may, it is very evident from the photographs introduced into -evidence that the mailbox is well off the paved portion of the highway.
According to the defendant Swearengin, he was driving a 1950 White “caib over” with a Fruehoff tandem trailer 34 feet long and 8 feet wide. When quite -some distance from the parked car, he slowed down to let a truck cross the bridge which crosses Cow Bayou east of where plaintiff’s car was parked. He did not see plaintiff’s car until the oncoming truck had passed, at which time, the car was only 25 feet away. There were no flares or lights burning on or around the car and according to him it was parked “about a foot” on the blacktop. Swearengin testified further that upon approaching the truck he dimmed his lights and pulled to the right in order to give the other truck plenty of room to pass. At this time, his right wheel was “just off” the pavement. When he saw the parked -car an instant later he applied his brakes and pulled to the left and “that throwed the trailer over and my right front side of my truck got the left hind fender of his car.” At this- time, he stated, his right front wheel was 6 inches on the pavement and the right side of his bumper hit the plaintiff’s car. After the collision the truck crossed the -bridge and stopped on the- south side of the road. He estimated that the parked car was 25 feet from the bridge before the accident, whereas the plaintiff and Willie Valin estimated the distances as being from 150 to 200 feet. On -cross examination Swearengin testified that he did not see the mailbox before striking it, but that he did hear his trailer strike it and that a mark was left some 10 feet from the rear of the trailer and in front of the rear wheels.
From the above it is -apparent that the testimony, as might be expected, is in hopeless conflict. Further conflicts are to be found regarding the matter of lights on the parked car as plaintiff and his witnesses testified that the parking lights -and taillight were on. The accident was investigated by the State Police and Officer Fruge testified that the car had two wheels parked on the blacktop. The only basis for this conclusion, however, is that he found white glass p-artly on the traffic lane and partly on the shoulder. We do not believe that this can be used as the basis that the plaintiff’s car, while parked had two wheels on the blacktop portion of the highway. . In view of the fact that shattered glass was found on the shoulder as well as on the blacktop- portion of t-he highway, we are inclined to- believe- plaintiff’s car might have been parked on the -shoulder, since the defendant’s truck had cut to the left and onto the blacktop portion of the highway at or before the time that he struck plaintiff’s *627 vehicle, which could have spread the shattered glass in the direction the truck was travelling. A further conflict is to be found regarding the truck which Swearen-gin claims passed him just before the accident as the plaintiff and his witnesses testified that they neither -saw nor heard any other vehicle previous to the accident.
From the testimony taken as a whole, we find ourselves to he in accord with the holding of the trial judge. There can be no doubt but that the mailbox, which was some 2 to 4 feet from the blacktop, was struck first considering the length of the trailer and the point of impact it seems that the front of the truck was only a few feet from the car when the box was struck and that the front of the truck, as well as the trailer, was off of the blacktop at the time. The driver admitted leaving the blacktop and we doubt that the trailer swung to the 'right as he turned to the left, as he so testified, because with a tandem trailer it would seem certain that the body would pivot on the rear wheels in the same direction as the cab, and not swing in an opposite direction. 'Certainly we can find no manifest error on the part of the trial judge, and, moreover, we feel that his findings are correct.
Counsel for defendant argues that under the provision of Section 9(g) (24) of our Highway Regulatory Act, LSA-R.S. 32:313, it is incumbent upon one parking a vehicle on a public highway to display lights on sam'e as .provided therein. He maintains further that even if plaintiff’s car was parked on the shoulder that it was still on the highway according to the definition of the term highway as contained in Section 1 of the act, LSA-R.S. 32:1. Be that as it may, the trial judge was evidently of the opinion that the plaintiff’s parking lights and tai-llights were burning and we find nothing in the record which would warrant our finding to the contrary.
Damages were awarded in the sum of $347.59, representing the cost of repairing the damage to plaintiff’s car. No proof was offered in support of the amounts claimed for depreciation and loss of use of the car and therefore these items were properly disallowed. As stated before, counsel for plaintiff has asked, in his brief, that an additional sum of $19 for wrecker services should be allowed also. We are sorry that we can not comply with the request of the appellee in this instance. He has not appealed in. the case and he has not answered the appeal of the defendant asking for this increase in his judgment and for that reason, we can not amend the judgment in his favor.
For the above and foregoing reasons the judgment appealed from is affirmed.
Judgment affirmed.